Margaret L. OBERHOLTZER, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. Nos. 1103-62, 1104-62, 1118-62.

United States District Court
District of Columbia.

Nov. 12, 1963.

Alton V. Oberholtzer, Minneapolis, Minn., Philip E. Siggers, Washington, D. C., for plaintiff.

Clarence W. Moore, Solicitor, Washington, D. C., for defendant.

JACKSON, District Judge.

The three civil actions involved herein are closely related in substance. They were tried before the Court as a single action, and will be disposed of in one opinion.

All the claims in Civil Action Nos. 1103-62, 1118-62, and the claims in Civil Action No. 1104-62, with the exception of allowed claims 5, and 19 through 22, stand rejected on the prior art which will be noted in the following findings of fact:

### FINDINGS OF FACT

1. All of the cases are civil actions directed pursuant to 35 U.S.C. § 145, seeking judgment by the Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent containing claims identified in the following findings:

### CIVIL ACTION NO. 1103-62

2. The claims involved in this action are 45 through 48, and 50 through 58 of an application entitled "Hot Bread, Pastry, and Pancake Products", Serial No. 382,846, filed September 28, 1953.

3. The application relates to hot breads, pastry and pancake-like products

which are prepared in a conventional manner except that mayonnaise salad dressing is used as the shortening.

4. Bakery products prepared in accordance with the teaching of the application are light, fluffy and tasty, remain fresh for prolonged periods, and are rewarmable from day to day without becoming flat and unpalatable.

5. The claims are drawn to a muffin, a batter mix for pancakes and waffles, a bread product and a baking powder biscuit, and include the conventional ingredients for such products, except that a mayonnaise emulsion, or a mayonnaise base comprising a semi-solid emulsion of edible normally liquid cooking oil is recited as being the shortening constituent.

6. Lord's Everybody's Cook Book (1924) discloses various recipes for rolls, baking powder biscuits, crumpets, sour milk biscuits, muffins, and popovers. These recipes include conventional ingredients such as flour, a leavening agent, milk material, and a shortening. On its back page the Cook Book states that liquid cottonseed oil, liquid corn oil, and liquid nut oil may be used as the shortening in the recipes.

7. The Jaeger patent No. 2,508,393 discloses a shortening which consists of an emulsion of any of the fats and oils which are normally used as shortenings; as for example, "lard, a hydrogenated animal or vegetable oil, or other well known shortening material, or mixtures thereof". The patent states that such emulsions may be used as the shortening ingredient in otherwise conventional batters and doughs for cakes, bread, rolls, doughnuts, and the like. Jaeger also discloses that the baked products produced with his emulsified shortening have superior characteristics, including both lightness and richness.

8. While lard and hydrogenated animal or vegetable oils are non-liquid, hardened shortenings, an emulsion of "other well known shortening material" mentioned in the Jaeger patent includes emulsions of the liquid shortenings disclosed by Lord's Everybody's Cook Book. More-over, the use of such emulsions would not, as contended by counsel for plaintiff, produce undesirable unemulsified oil in the final baked product.

9. The patent to Jaeger would suggest to one skilled in the art the use of an emulsified edible vegetable oil, such as a mayonnaise emulsion, as a substitute for the shortenings in the recipes disclosed in the Everybody's Cook Book, particularly in view of the disclosure in the Cook Book of the use of liquid vegetable oil as a shortening, and in view of the fact that mayonnaise is the most readily obtainable form of emulsified edible vegetable oil.

10. It is clear that the substance of the claims in suit would be obvious to one skilled in the art in view of the Jaeger patent and Lord's Everybody's Cook Book.

11. Moreover, it is also clear that the substance of the claims in suit would be obvious to one skilled in the art in view of the Jaeger patent and conventional recipes for the products recited.

12. Therefore, claims 45 through 48, and 50 through 58 are unpatentable over the prior art.

### CIVIL ACTION NO. 1104-62

13. This action involves claims 6, 14 through 18, and 23 of an application Serial No. 475,833, filed December 16, 1954, entitled "Frozen and Refrigerated Merchandisable Biscuit Doughs and Method". As heretofore noted, claims 5, and 19 through 22, directed specifically to frozen dough and a method of making frozen dough products, were allowed.

14. That application discloses corn meal baking powder biscuits, short cake baking powder biscuits, and cheese baking powder biscuits which are prepared with conventional ingredients except that mayonnaise dressing is the only shortening used.

15. The application also discloses that such bakery products can be frozen either before or after they are baked and thereafter can be either immediately baked or rewarmed without any detri-

mental effect on the product's taste and appearance.

16. The claims in suit are drawn to packaged baked and refrigerated baking powder biscuits, a packaged refrigerated corn meal baking powder biscuit, a packaged refrigerated baking powder short-cake biscuit, a packaged frozen hot bread biscuit, a packaged refrigerated biscuit material, and the like. In varying breadth, all the claims recite an emulsion of an edible, normally liquid vegetable oil as the shortening ingredient.

17. None of the claims in suit are limited to dough frozen prior to baking since the recitation of "biscuit material" is deemed to be readable on fully baked biscuits as well as dough. Furthermore, none of the claims herein specify a frozen product or freezing of the product prior to baking.

18. Betty Crocker's Picture Cook Book (1950) discloses baking powder biscuits made with liquid salad oil as the shortening.

19. The Gregor patent No. 2,549,595 discloses the packaging of bakery products and the refrigerating or freezing of dough, containing yeast or chemical leavening agent, before baking or after preliminary baking and before final baking.

20. The Woods patent No. 2,649,379 discloses the packaging of bakery products and the freezing of dough containing yeast or baking powder before or after baking.

21. Lowe's Experimental Cookery (1937) refers to various emulsions used in cooking, and states that if emulsions are mentioned in connection with food preparations, mayonnaise is usually the one suggested first. It further states that in many batter products, the fat or oil may be partially or wholly emulsified, and cites cream puffs as examples of batters in which the shortening is emulsified.

22. The publication Food Technology, Vol. 3, No. 5, May 1949, discloses the packaging of bakery products and the freezing of dough products before and after partial or complete baking. The publication states that all of the yeast raised products baked from dough which had been frozen proved to be unsatisfactory. However, the publication does show that baking powder biscuits which had been frozen after baking are satisfactory when rewarmed.

23. Findings of fact Nos. 6, 7 and 8 apply here also.

24. The Lord publication, the Jaeger patent, the Betty Crocker publication, the Lowe publication, the Food Technology publication, and the Woods and the Gregor patents would suggest to one skilled in the art to use an emulsion of an edible normally liquid vegetable oil as a shortening for various kinds of baking powder biscuits to be packaged and frozen or refrigerated after baking or partial baking.

25. Clearly, the substance of the claims in suit would be obvious to one skilled in the art in view of the Lord publication, the Jaeger patent, the Betty Crocker publication, the Lowe publication, the Food Technology publication, and the Woods and the Gregor patents.

26. Therefore, claims 6, 14 through 18, and 23, are unpatentable over the prior art.

CIVIL ACTION NO. 1118-62

27. This action involves claims 16 through 20, and 24 through 26 of an application entitled "Refrigerator Dough and Products", Serial No. 487,218, filed February 9, 1955.

28. The application discloses yeast raised biscuits, coffee cakes, coffee rings, nut rolls, fruit rolls, and cinnamon rolls which are prepared with conventional ingredients except that an emulsified vegetable oil, for example, mayonnaise dressing, is the only shortening used.

29. The application also discloses that the dough for those products can be frozen in the unraised state and held for an indefinite period before baking without toughening the dough, and without causing any detrimental effects to the products when baked.

30. None of the claims in suit are limited to dough since the recitation of

"dough product" does not exclude a product made from dough but fully baked. Also, the claims do not specify a frozen product or freezing the product prior to baking.

31. O'Connor's Today's Woman Pie Cook Book (1953) discloses a pie crust recipe in which mayonnaise is the shortening ingredient.

32. Findings of fact Nos. 6, 7, 8, 19, 21 and 22 apply here also.

33. The O'Connor publication, the Jaeger patent, the Lord publication, the Lowe publication, the Food Technology publication, and the Gregor patent would suggest to one skilled in the art the use of an emulsion of a normally liquid edible vegetable oil, such as mayonnaise, as the shortening in a yeast bakery product which is refrigerated in the partially or fully baked state.

34. It is clear that the substance of the claims in suit would be obvious to one skilled in the art in view of the O'Connor publication, the Lord publication, the Lowe publication, the Food Technology publication, and the Gregor patent.

35. Furthermore, the substance of the refused claims would be obvious to one skilled in the art in view of the Jaeger patent, the Lord publication, the Food Technology publication, and the Gregor patent.

36. Therefore, claims 16 through 20, and 24 through 26 are unpatentable over the prior art.

From the above findings of fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

1. Where the difference between the subject matter of the claims in suit and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art, the claims are unpatentable under 35 U.S.C. § 103, and evidence of an unexpected result is immaterial.

2. Plaintiff is not entitled to a patent containing any of claims 45 through 48, and 50 through 58, of application Serial No. 382,846.

3. Plaintiff is not entitled to a patent containing any of claims 6, 14 through 18, and 23 of application Serial No. 475,833.

4. Plaintiff is not entitled to a patent containing any of claims 16 through 20, and 24 through 26 of application Serial No. 487,218.

5. The complaints in Civil Action Nos. 1103–62, 1104–62, and 1118–62 should be dismissed.